SO ORDERED.

Dated: August 24, 2014

*Daniel P. Collins* (signature)

Daniel P. Collins, Chief Bankruptcy Judge

**BUNTROCK LAW GROUP, PLLC**
2158 N. Gilbert Rd., #119
Mesa, Arizona 85203
Telephone    (480) 664-7728
Facsimile    (480) 668-3110
**Janet M. Spears, Esq. – SBN 023833**
Email    janet@buntrocklaw.com
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re

JOHN MCLOUGHLIN,,

    Debtor.

Chapter 13

Case No.: 2:13-BK-14029-DPC

**STIPULATED ORDER CONFIRMING PLAN**
    FIRST AMENDED

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Debtors' Plan as follows:

(A) INCOME SUBMITTED TO THE PLAN. Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    (1) <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan payments:

RB

| Months | Amount |
|--------|--------|
| 1-30   | $650.00 |
| 31-60  | $850.00 |

The payments are due on or before the ~~10~~ 30th day of each month commencing ~~January 10,~~ November 30, ~~2013~~ 2014. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

*In re John McLoughlin*
Case No. 2:13-bk-14029-DPC

Debtor shall provide directly to the Trustee copies of the 2013-2015 federal and state income tax returns, along with all attachments, forms, schedules and statements, for Dragoon Mountain Vineyard, Jerome Winery, Inc., Odyssey Cellars, Inc., and McLoughlin & Associates within 15 days of filing them. `and personal returns`

(2) <u>Other Property.</u> In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative Expenses:</u>

None.

(2) <u>Claims Secured by Real Property:</u>

(a) HSBC Bank, USA, N.A. holds a first deed of trust on the property located at 2552 E. Magnolia Street, Gilbert, Arizona. Regular post-petition payments will be made directly by Debtors to HSBC Bank, USA, N.A.

(b) HSBC Bank USA, N.A. holds a second deed of trust on the property located at 2552 E. Magnolia Street, Gilbert, Arizona. The second deed of trust is wholly unsecured. On December 2, 2013, Debtor filed and served an Adversary Complaint seeking to avoid the second deed of trust (2:13-ap-01290). On January 22, 2014 the Court entered the Order Determining Avoidance of Junior Deed of Trust Security Interest in Real Property Held by HSBC Bank, USA, N.A. [DKT. #11]

(c) The Bank of New York Mellon holds a first deed of trust on the property located at 8401 S. Bell Ranch Road in Willcox, Arizona. Regular post-petition payments will be made directly by the Debtor. `POC # 10.` **RB**

(3) <u>Claims Secured by Personal Property:</u>

(a) Wells Fargo Financial Leasing, Inc. holds a security interest in a Kubota RTV900XTG general purpose utility vehicle and in a 2012 Oxbo Grape Harvester with Jerome Winery, Inc. for which Debtor is a guarantor. The installment payments shall be made directly by the Debtor or Jerome Winery, Inc. `POC # 1.` **RB**

*In re John McLoughlin*
Case No. 2:13-bk-14029-DPC
Page 2

Case 2:13-bk-14029-DPC    Doc 91    Filed 08/24/14    Entered 08/25/14 07:22:55    Desc
Main Document    Page 2 of 5

**RB**

*** Since tax returns are on extension for entities Odyssey Cellars, Dragoon Mountain Vineyard, McLoughlin & Associates, and John McLoughlin, confirmation is without prejudice to review of those returns by the Trustee. These entities remain property of the bankruptcy estate.

    (b) Kubota Credit Corp. holds a security interest in a Kubota M9540HD 50847 tractor and in a Kubota LA1353 A7956 loader with Jerome Winery, Inc. for which Debtor is a guarantor. The installment payments shall be made directly by the Debtor or Jerome Winery, Inc. `POC # 3`.

(4) <u>Unsecured Priority Claims:</u>

  (a) None

(5) <u>Surrendered Property:</u> Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

None.

(6) <u>Other Provisions:</u>

  (a) Upon final payment to each secured creditor in this Plan, its lien on the property will be released and the secured creditor will record the same.

(7) <u>Unsecured Nonpriority Claims:</u> All other claims shall be classified as unsecured and nonpriority. ~~Such~~ `Allowed` claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the Estate vests in Debtors upon confirmation. *** **RB**

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:



Russell Brown
2014.08.19 17:10:16
-07'00'

---

Russell Brown, Trustee

*In re John McLoughlin*
Case No. 2:13-bk-14029-DPC
Page 3

*[signature]*
Janet M. Spears,
Buntrock Law Group, PLLC

The Debtor certifies that he is current on all required tax filings and that no domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
John McLoughlin, Debtor

## PLAN ANALYSIS

1. Trustee's compensation (10% of Plan payments) .................................................$4,500.00
2. Ongoing post-petition mortgage payments ........................................... 0.00
3. Administrative expenses and claims ................................................................0.00
4. Priority claims .......................................................................................................0.00
5. Prepetition mortgage or lease arrears, or amount to cure defaults, including interest ...........................................................................................0.00
6. Secured personal property claims, including interest ................................................0.00
7. Amount to unsecured nonpriority claims..................................................40,500.00
Total of Plan Payments ................................................................................. $45,000.00

**Section 1325 Analysis:**

(1) Best Interest of Creditors Test:

  (a) Value of Debtor's interest in nonexempt property ...................................... $26,000.00
  (b) Plus: Value of property recoverable under avoiding powers ..........................$0.00
  (c) Less: Estimated Chapter 7 administrative expenses............................ $2,600.00
  (d) Less: Amount to unsecured, priority creditors ...........................................$0.00
  (e) Equals: Estimated amount payable to unsecured, nonpriority Claims if Debtors filed Chapter 7 ..............................................................$23,400.00

(2) Section 1325(b) Analysis:

  (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement Of Current Monthly Income............................................................... $ 4,654.37
  (b) Applicable commitment period………………………………………….. 60
  (c) Section 1325(b)(2) monthly disposable income amount multiplied by 60 $279,286.20
     Estimated Amount to Unsecured Nonpriority Creditors Under Plan ...... $ 40,500.00

*In re John McLoughlin*
Case No. 2:13-bk-14029-DPC
Page 5

Case 2:13-bk-14029-DPC   Doc 91   Filed 08/24/14   Entered 08/25/14 07:22:55   Desc
Main Document    Page 5 of 5