**TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant
ljm@tblaw.com

13-08726

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>John McLoughlin<br><br>Debtor.<br>_____<br>HSBC Bank USA National Association, as Trustee (The "Trustee") for the holders of Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2007-RAMP1<br><br>Movant,<br>vs.<br><br>John McLoughlin, Debtor; Russell Brown, Trustee.<br><br>Respondents. | No. 2:13-bk-14029-DPC<br><br>Chapter 13<br><br>MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>2552 East Magnolia Drive<br>Gilbert, AZ 85297 |

Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtor, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

1    Certain facts and circumstances in support of this Motion are set forth in the Declaration in
2    Support of Motion for Relief from Automatic Stay filed contemporaneously herewith.
3    This motion is supported by the attached Memorandum of Points and Authorities, which is
4    incorporated herein by this reference.
5    DATED this 2nd day of February, 2018.

Respectfully submitted,
TIFFANY & BOSCO, P.A.

BY /s/ LJM #014228

Mark S. Bosco
Leonard J. McDonald
Attorney for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On August 14, 2013, John McLoughlin filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. On or about October 31, 2013, the bankruptcy case converted to a Chapter 13. Russell Brown was then appointed Trustee of the bankruptcy estate.

2. Debtor has an interest in that certain real property located in Maricopa County, Arizona, more particularly described as:

That portion of the Northwest quarter of section 15, Township 2 South, Range 6 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona, described as follows;

COMMENCING at the Northeast corner of the Southwest quarter of the Northwest quarter of said Section 15;

Thence South 00 degrees 13 minutes 56 seconds West along the East line of said Southwest quarter of the Northwest quarter of Section 15, a distance of 80.26 feet to the Northeast corner of the certain parcel of land described in Document No. 98-0901778, records of Maricopa County, Arizona, hereafter referred to as the Archer Parcel;

Thence South 89 degrees 51 minutes 00 seconds West along the North line of said Archer Parcel, a distance of 202.01 feet to the Northwest corner of said Parcel and the TRUE POINT OF BEGINNING;

Thence continuing South 89 degrees 1 minutes 00 seconds West, a distance of 175.00 feet to a point on the East line of certain parcel of land described in Document No. 98-0436565, records of Maricopa County, Arizona hereafter referred to as the Oliver Parcel;

Thence North 00 degrees 13 minutes 56 seconds East along the East line of said Oliver Parcel, a distance of 250.27 feet to the North line of the South 170 feet of the Northwest quarter of the Northwest quarter of said Section 15;

Thence North 89 degrees 51 minutes 00 seconds East along said North line, a distance of 175.00 feet to the Northwest corner of that certain parcel of land described in document No. 99- 0770887, records of Maricopa County, Arizona, hereafter referred to as the Green Parcel;

Thence South 00 degrees 13 minutes 56 seconds West along the West line of said Green Parcel, a distance of 250.27 feet to the TRUE POINT OF BEGINNING.

3. Debtor executed a Note secured by a Deed of Trust, dated August 23, 2006, recorded in the office of the Maricopa County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference. Further, Movant is the assignee of the Deed of Trust. The assignment of record is annexed as Exhibit "C".

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtor. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5. As of January 26, 2018, the Debtor is in default on the obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after June 1, 2016. Post-petition payments are due as follows:

| | |
|---|---|
| 8 Monthly Payment at $3,566.13 (June 1, 2016 – January 1, 2017) | $28,529.04 |
| 12 Monthly Payment at $3,607.68 (February 1, 2017 – January 1, 2018) | $43,292.16 |
| Suspense Amount | ($3,492.54) |
| Total | $68,328.66 |

6. As of January 26, 2018, the Debtor is indebted to HSBC Bank USA National Association, as Trustee (The "Trustee") for the holders of Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2007-RAMP1 for the principal balance amount of $403,114.44, plus accruing interest, costs, and attorney's fees (if any).

///

///

7.  Further, Movant seeks relief for the purpose of foreclosing its Deed of Trust against the Debtor's interest in the real property located at 2552 East Magnolia Drive, Gilbert, AZ 85297.

8.  Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

> To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the Debtor, their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict Debtor and/or successors of Debtor and to obtain ownership, possession and control of the Property.

Movant further requests that any order for relief granted in this case remain in effect in any bankruptcy chapter to which the Debtor may convert.

DATED this 2nd day of February, 2018.

>           BY /s/ LJM #014228
>               Mark S. Bosco
>               Leonard J. McDonald
>               Seventh Floor Camelback Esplanade II
>               2525 East Camelback Road
>               Phoenix, Arizona 85016
>               Attorneys for Movant